B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Southern District Of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Esquire Deposition Services, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Attached Schedule 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **22-3779684** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**2700 and 2800 Centennial Tower<br>101 Marietta Street<br>Atlanta, GA**<br><br>ZIP CODE **30303** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**GA** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE |
|---|

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9    Recognition of a Foreign<br>☒ Chapter 11   Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13   Recognition of a Foreign<br>               Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer    ☒ Debts are primarily<br>debts, defined in 11 U.S.C.    business debts<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 (amount subject to adjustment<br>on 4/01/13 and every three years thereafter).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Esquire Deposition Services, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**See Attached Schedule 2** | Case Number: | Date Filed: |
| District:<br>**Southern District of New York** | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

---

# Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form) 1 (4/10) | Page 3 |
|---|---|

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** <br> Esquire Deposition Services, LLC |
|---|---|

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Debtor <br><br> X _____ <br> Signature of Joint Debtor <br><br> _____ <br> Telephone Number (if not represented by attorney) <br><br> _____ <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X */s/ Thomas R. Califano* <br> Signature of Attorney for Debtor(s) <br> Thomas R. Califano <br> Printed Name of Attorney for Debtor(s) <br> DLA Piper LLP (US) <br> Firm Name <br> 1251 Avenue of the Americas <br> New York, NY 10020 <br> Address <br> (212) 335-4500 <br> Telephone Number <br> September 6, 2011 <br> Date <br><br> *\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.* | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> X _____ <br><br> _____ <br> Date |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Authorized Individual <br> Alexander Gallo <br> Printed Name of Authorized Individual <br> Authorized Signatory <br> Title of Authorized Individual <br> September 6, 2011 <br> Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Schedule 1

All Other Names Used by the Debtors in the Last 8 Years

Hobart Legal Services, LLC
Esquire Deposition Solutions
Esquire, an Alexander Gallo Company
Esquire Solutions, an Alexander Gallo Company
Esquire Solutions
Esquire Corporate Solutions
Hobart Deposition Services
EDS
Esquire Deposition Services
ELS
Esquire Litigation Solutions

**Schedule 2**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On September 6, 2011 each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Alexander Gallo Holdings, LLC.

1. Alexander Gallo Holdings, LLC
2. AG/Sanction LLC
3. Deponet, LLC
4. D-M Information Systems, Inc.
5. Esquire Deposition Services, LLC
6. Esquire Litigation Solutions, LLC
7. Esquire Solutions, LLC
8. Hobart West Solutions, LLC
9. Set Depo, LLC.
10. The Hobart West Group, Inc.
11. Unlimited Languages, Inc.

WRITTEN CONSENT OF
THE SOLE MEMBER OF
DEPONET, LLC,
ESQUIRE DEPOSITION SERVICES, LLC,
ESQUIRE LITIGATION SOLUTIONS, LLC,
ESQUIRE SOLUTIONS, LLC
AND
HOBART WEST SOLUTIONS, LLC

Effective as of September 6, 2011

The undersigned being the sole member of Deponet, LLC, Esquire Deposition Services, Esquire Litigation Solutions, LLC, Esquire Solutions, LLC and Hobart West Solutions, LLC, each a Delaware limited liability company (each, the "**Company**"), acting in accordance with Section 302(d) of the Delaware Limited Liability Company Act and the Operating Agreement of each Company (as applicable), hereby takes the following actions and adopts the following resolutions by written consent without a meeting:

WHEREAS, the Company is a wholly owned subsidiary of The Hobart West Group, Inc., a Delaware corporation ("**HWG**") and majority-owned subsidiary of Alexander Gallo Holdings, LLC, a Georgia limited liability company (the "**Parent**," and together with HWG, the "**Borrowers**");

WHEREAS, the sole member of the Company (the "**Sole Member**") has been evaluating and considering the reorganization of the Company's business in consultation with the officers of the Company;

WHEREAS, the Sole Member has determined that it is desirable, fair, reasonable and in the best interests of the Company and the Company's creditors, stockholders and other interested parties for the Company to file a petition seeking relief under the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**");

WHEREAS, the Sole Member has reviewed the terms of that certain Debtor in Possession Credit, Security, Pledge and Guaranty Agreement, dated September 7, 2011, by and among the Parent, HWG, the guarantors named therein, the lenders named therein (the "**Lenders**") and Bayside Capital, Inc. and its affiliates, as Administrative Agent (the "**DIP Credit Agreement**"), under which the Company and other guarantors named therein would guaranty a senior subordinated secured revolving credit facility provided by the Lenders to the Borrowers in an aggregate principal amount of up to $20,000,000; and

WHEREAS, the Sole Member has determined that it is desirable for the Company to approve and consent to the DIP Credit Agreement and such other agreements, documents and instruments deemed necessary, appropriate or advisable to consummate the transactions contemplated by the DIP Credit Agreement (the "**DIP Loan Documents**").

<u>Bankruptcy Resolutions</u>

NOW, THEREFORE, BE IT

RESOLVED, that, in the judgment of the Sole Member, it is desirable and in the best interests of the Company and its creditors, stockholders and other interested parties that a petition for reorganization under Chapter 11 of the Bankruptcy Code be filed by the Company; and it is further

RESOLVED, that the President, Chief Executive Officer, any Vice President and any other officer of the Company, and any other individual designated by the Sole Member (the "**Authorized Officers**," and each, an "**Authorized Officer**"), are hereby authorized and instructed to cause preparation of a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on behalf of the Company for which they deem such a filing to be appropriate; and it is further

RESOLVED, that, upon preparation, such Authorized Officers are hereby authorized, on behalf of and in the name of the Company, to cause such voluntary petitions to be executed, and verified in such form as such Authorized Officers, with advice of counsel, deem appropriate and that, upon such execution, such Authorized Officers, with advice of counsel, are hereby authorized to cause such petitions to be filed with the United States Bankruptcy Court for the Southern District of New York to commence a proceeding under Chapter 11 of the Bankruptcy Code (a "**Bankruptcy Proceeding**") on or before September 7, 2011; and it is further

RESOLVED, that the Authorized Officers, on terms consistent with those presented to the Sole Member, are hereby authorized and instructed to make such arrangements as they deem necessary or proper for the Company to use existing cash collateral or to borrow additional funds, either as a debtor in possession under Chapter 11 of the Bankruptcy Code or otherwise, and that such officers are hereby authorized and instructed, on behalf of and in the name of the Company, to negotiate and agree with potential lenders as to the terms and amounts of any such cash collateral use or further borrowings and to grant such security interests in, or liens on the assets of the Company, and to execute and deliver appropriate agreements for such use of postpetition financing in connection with the Bankruptcy Proceeding, including the granting of liens to any such lender(s) to such agreement(s), and to take such additional action and execute and deliver such other agreements, instruments or documents proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any such officer, in their sole discretion, may deem necessary or proper in connection with such further borrowings; and it is further

RESOLVED, that the Authorized Officers, on terms consistent with those presented to the Sole Member, are authorized to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary and proper in connection with the Bankruptcy Proceeding; and it is further

RESOLVED, that the law firm of DLA Piper LLP (US) shall be retained as general bankruptcy counsel for the Company in the Bankruptcy Proceeding, and the Authorized Officers

of the Company are hereby authorized and directed, to (a) execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Proceeding, (b) continue to periodically replenish, as required, the retainer previously paid by the Company to DLA Piper LLP (US), on account of the services rendered or to be rendered by it and (c) cause to be filed an application for authority to retain the services of DLA Piper LLP (US) during the Bankruptcy Proceeding; and it is further

RESOLVED, that the law firm of Squire, Sanders & Dempsey (US) LLP shall be retained as corporate counsel for the Company in the bankruptcy proceeding, and the Authorized Officers of the Company are hereby authorized and directed, to (a) execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Proceeding, (b) continue to periodically replenish, as required, the retainer previously paid by the Company to Squire, Sanders & Dempsey (US) LLP, on account of the services rendered or to be rendered by it and (c) cause to be filed an application for authority to retain the services of Squire, Sanders & Dempsey (US) LLP during the Bankruptcy Proceeding; and it is further

RESOLVED, that Gordian Group, LLC shall be retained to serve as the financial advisor to the Company and the Authorized Officers of the Company are hereby authorized and directed, to (a) execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Proceeding, (b) continue to periodically replenish, as required, the retainer previously paid by the Company to Gordian Group, LLC, on account of the services rendered or to be rendered by it and (c) cause to be filed an application for authority to retain the services of Gordian Group, LLC during the Bankruptcy Proceeding; and it is further

RESOLVED, that Carl Marks Advisory Group LLC shall be retained to serve as the Chief Restructuring Advisor to the Company and the Authorized Officers of the Company are hereby authorized and directed, to (a) execute retention agreements, pay retainers prior to and immediately upon the filing of the Bankruptcy Proceeding, (b) continue to periodically replenish, as required, the retainer previously paid by the Company to Carl Marks Advisory Group LLC, on account of the services rendered or to be rendered by it and (c) cause to be filed an application for authority to retain the services of Carl Marks Advisory Group LLC during the Bankruptcy Proceeding; and it is further

RESOLVED, that the Authorized Officers of the Company are authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the proceeding and cause to be filed an appropriate application for authority to retain the services of such firm; and it is further

DIP Financing Resolutions

RESOLVED, that, in the judgment of the Sole Member, it is desirable for the Company and its creditors, stockholders and other interested parties to approve the DIP Loan Documents and authorize the Company to enter into the DIP Loan Documents, the primary purpose of which

is to fund the Company's working capital needs and provide financing throughout the Company's Chapter 11 case; and it is further

RESOLVED, that the Authorized Officers are fully authorized and directed to execute and deliver all DIP Loan Documents, including any extensions, modifications, renewals or replacements thereof, necessary to effect the financing transaction described herein and to execute any and all documents in the name of, and on behalf of, the Company deemed necessary or appropriate by one or more Authorized Officers to consummate the financing transaction; and it is further

RESOLVED FURTHER, that the Company be, and hereby is, authorized to create any lien or mortgage or grant any security interests in any and all assets of the Company, either tangible or intangible, real or personal, to secure the payment and performance of the Borrowers' obligations in connection with the DIP Loan Documents, and to enter into any security agreements, pledge agreements, mortgages, deeds of trust and assignments in connection with the foregoing and to make any filings in connection therewith; and it is further

Omnibus Resolutions

RESOLVED, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete a Bankruptcy Proceeding, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Proceeding, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first written above.

THE HOBART WEST GROUP, INC.

By: _____

Name:  Alexander J. Gallo
Title:   President and CEO

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ALEXANDER GALLO HOLDINGS, LLC, *et al.*,[1] | : | Case No. 11-_____ (   ) |
| | : | |
| | : | (Joint Administration Requested) |
| Debtors. | : | |

-------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

       The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter case.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.  None of these creditors is a minor child.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).  The information contained herein is not intended to, and shall not constitute, an admission of liability by, nor is it binding on, the Debtors.  Moreover, nothing herein is intended to, and nothing herein shall, affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

| *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 1. Gallo Holdings, LLC, as Note Holder Representative[2] | Accel-KKR Company, LLC 2500 Sand Hill Road, Suite 300 Menlo Park, CA 94025 Attn: Ben Bisconti Phone: (650) 289-2473<br><br>Accel-KKR Company, LLC 2500 Sand Hill Road, Suite 300 Menlo Park, CA 94025 Attn: Jason Michael Klein Phone: (650) 289-2481 General Phone: (650) 289-2460 General Fax: (540) 687-5879 | Promissory note | | $147,938,333.25 |

---

    [1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

    [2]    The Debtors believe that this unsecured creditor may constitute an "insider" of the Debtors within the meaning of 11 U.S.C. § 101(31).

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| 2. | Winston Noteholders, LLC | Harvest Equity Partners, LLC P.O. Box 1960 3 E. Marshall Street Middleburg, VA 20118 Attn: Kevin L. Passarello Phone: (540) 687-5584 | Promissory note | | $33,025,426.42 |
| 3. | Aptara, Inc. | 3110 Fairview Park Dr., Ste 900 Falls Church, VA 22042-4534 Attn: Gearoid Moore Phone: (703) 352-0001 Ext. 2112 | Trade debt | | $994,959.63 |
| 4. | UPS | P.O. Box 7247-0244 Philadelphia, PA 19170-0001 Attn: Judy Andreas Phone: (559) 651-7690 x7545 | Trade debt | | $733,246.12 |
| 5. | Kirkland & Ellis | 300 North LaSalle Chicago, IL 60654 Phone: (312) 862-2000 Fax: (312) 862-2200 Attn: Garry W. Jaunal | Professional fees | | $558,947.77 |
| 6. | Atlanta Centennial, LLC | c/o Jackson Oats Shaw Corporate Property Management Suite 3325 Centennial Tower 101 Marietta Street Atlanta, GA 30303<br><br>Jackson Oats Shaw Corporate Property Management – Operations Office 145 Technology Parkway Norcross, GA 30092 Attn: Kevin Oats Phone: (404) 751-3221 | Real property lease | | $530,890.51 |

2

| | (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 7. | One Penn Plaza LLC | c/o Vornado Realty Trust 888 Seventh Avenue New York, NY 10019 Attn: David R. Greenbaum Phone: (212) 894-7000 | Real property lease | May be subject to partial setoff | $524,699.39 |
| 8. | Accel-KKR Company, LLC[3] | Accel-KKR Company, LLC 2500 Sand Hill Road, Suite 300 Menlo Park, CA 94025 Attn: Ben Bisconti Phone: (650) 289-2473 <br><br> Accel-KKR Company, LLC 2500 Sand Hill Road, Suite 300 Menlo Park, CA 94025 Attn: Jason Michael Klein Phone: (650) 289-2481 General Phone: (650) 289-2460 General Fax: (540) 687-5879 | Advance | | $416,832.88 |
| 9. | Live Nation Worldwide, Inc. | Live Nation 2000 West Loop South Houston, TX 77207 Attn: James Tucker, Esq., Senior Counsel Phone: (713) 693-2738 | Real property lease | May be subject to partial setoff | $411,509.22 |
| 10. | AT&T | P.O. Box 5094 Carol Stream, IL 60197-5094 Phone: (619) 237-2050 | Utility | May be subject to partial setoff | $406,757.25 |
| 11. | Legal Reprographics, Inc., on behalf of itself and the Beaver Family Trust and Steven Beaver | 13151 Stone Cannon Road Poway, CA 92064 Attn: Steven Beaver Phone: (858) 673-1970 | Promissory note | | $377,727.25 |
| 12. | Receivable Management Services | P.O. Box 8500-55028 Philadelphia, PA 19178-5028 Phone: (800) 823-8028 Attn: Diane Citino | Trade debt | | $367,808.32 |

---

[3]    The Debtors believe that this unsecured creditor may constitute an "insider" of the Debtors within the meaning of 11 U.S.C. § 101(31).

3

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 13. | Catalyst Repository Systems, Inc. | 1860 Blake Street, Ste 700 Denver, CO 80202 Phone: (303) 824-0850 Attn: Tony Hilliker | Trade debt | | $364,531.58 |
| 14. | 311 West Monroe -VEF VI, LLC | c/o VEF Advisors, LLC 3340 Peachtree Road, NE TP 100, Suite 1600 Atlanta, GA 30326 Attn: B. Stanton Breon Fax: (678) 538-1916 | Real property lease | May be subject to partial setoff | $336,485.10 |
| 15. | Banc of America Leasing | c/o Swanson Martin & Bell, LLP 330 N. Wabash, Suite 3300 Chicago, Illinois 60611 Phone: (312) 321-8442 Fax: (312) 321-0990 Attn: Joseph P. Kincaid | Equipment lease | May be subject to partial setoff | $270,000.00 |
| 16. | Chippewa Enterprises, Inc. | P.O. Box 6011 Sherman Oaks, CA 91423-6011 Phone: (818) 905-1200 Attn: Don Parker | Real property lease | | $196,326.59 |
| 17. | Exact Software North America, Inc. | 1136 Paysphere Circle Chicago, IL 60674 Phone: (800) 468-0834 Fax: (866) 544-5456 Attn: Mitchell Alcon | Trade debt | | $193,324.37 |
| 18. | GE Capital | P.O. Box 740425 Atlanta, GA 30374-0425 Phone: (650)526-0600 Fax: (650) 526-0699<br><br>901 Main Avenue Norwalk, CT 06851-1168 Phone: (203) 840-6300<br><br>Attn: Customer Care Phone: (888) 652-2279 | Equipment lease | May be subject to partial setoff | $176,719.36 |
| 19. | Yes Video | 3281 Scott Blvd Santa Clara, CA 95054 Phone: (408) 907-7600 Attn: Amela Corhodzic | Trade debt | | $168,063.84 |

4

| | (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 20. | Aetna | P.O. Box 532422<br>Atlanta, GA 30353-2422<br>Phone: (800) 936-2603<br>Fax: (888) 247-5721<br>Attn: Carol Cusack | Trade debt | | $167,537.00 |
| 21. | McKenna Long & Aldridge | P.O. Box 116573<br>Atlanta, GA 30368<br>Phone: (404) 527-4000<br>Attn: Howard Janis<br><br>303 Peachtree St. NE, Ste 5300<br>Atlanta, GA 30308-3265<br>Attn: Howard Janis | Professional fees | | $163,024.71 |
| 22. | SohoFile | 155 Chestnut Street<br>Florence, MA  01062<br>Phone: (413) 320-8935 | Trade debt | | $161,541.18 |
| 23. | Chamber Building L.P. | PO Box 79609<br>City of Industry, CA  91716-9609 | Real property lease | May be subject to partial setoff | $161,115.92 |
| 24. | Softchoice Corporation | 16609 Collections Center Drive<br>Chicago, IL 60693<br>Phone: (888) 549-7638<br>Fax: (888) 549-7639<br>Attn: David MacDonald | Trade debt | | $140,759.70 |
| 25. | Network Deposition Services | 2936 McNeal Road<br>Allison Park, PA 15101<br>Phone: (866) 565-1929<br>Attn: Terri Urbash | Reporting Services | | $131,859.82 |
| 26. | Xerox Corporation | P.O. Box 7413<br>Pasadena, CA 91109-7413<br>Phone: (800) 822-2200 | Equipment lease | May be subject to partial setoff | $130,457.19 |

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| 27. | 523 Pacific Center Associates | 523 Pacific Center Associates Management Office 523 West 6th Street Suite 1050 Los Angeles, CA 90014<br><br>c/o Alliance Commercial Partners 165 South Union Blvd. Suite 510 Lakewood, Colorado 80228 Attn: Doug McCormick | Real property lease | | $120,732.23 |
| 28. | Bennett Thrasher PC | One Overton Park 3625 Cumberland Blvd St 1000 Atlanta, GA 30339 Phone: (770) 396-2200 Fax: (770) 390-0394 Attn: Thomas Burns<br><br>Thomas E. Raines, PC 3740 Davinci Court, Suite 430 Norcross, GA 30092 Phone: (770) 263-0093 Fax: (770) 407-5874 Attn: Thomas E. Raines | Professional fees | | $115,046.67 |
| 29. | Miller Heiman | P.O. Box 41081 Reno, NV 59504-5081 Phone: (775) 827-4411 Attn: Kirk Lord<br><br>1595 Meadow Wood Lane Reno, NV 89502-8526 Phone: (775) 827-4411 Attn: Kirk Lord | Consulting services | | $111,822.10 |
| 30. | Ajilon Finance | Dept Ch. 4031 Palatine, IL 60055-4031 | Staffing services | | $ 104,314.8 |

6

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION

I, the undersigned authorized agent of the Debtors in these cases, declare under penalty of perjury that I have read the foregoing "Consolidated List of Creditors Holding 30 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information and belief.

Dated:  September 6, 2011

ALEXANDER GALLO HOLDINGS, LLC

By:
Name: Alexander Gallo
Title: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                        :        Chapter 11
                                              :
ALEXANDER GALLO HOLDINGS,                      :        Case No. 11-_____ (   )
LLC, *et al.,*[1]                             :
                                              :        (Joint Administration Requested)
                    Debtors.                   :
-------------------------------------------------------x

## **LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), Esquire Deposition

Services, LLC, as one of the above-captioned debtors and debtors in possession, hereby provides

the following list of equity security holders:

| Name and Address of Equity Interest Holder | % of Interests Held |
|---|---|
| The Hobart West Group, Inc.<br>2700 and 2800 Centennial Tower<br>101 Marietta Street<br>Atlanta, GA 30303 | 100% |

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

## DECLARATION UNDER PENALTY OF PERJURY
## CONCERNING LIST OF EQUITY SECURITY HOLDERS

I declare under the penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: September 6, 2011

By: _____

Name: Alexander Gallo
Title: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re:                                            :        Chapter 11

                                                  :

ALEXANDER GALLO HOLDINGS,                         :        Case No. 11-_____ (    )

LLC, *et al.*,[1]                                 :

                                                  :        (Joint Administration Requested)

          Debtors.                                :

-------------------------------------------------------x

### <u>CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(1))</u>

      Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1 and

Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, Esquire

Deposition Services, LLC, as one of the above-captioned debtors and debtors in possession,

hereby certifies that The Hobart West Group, Inc. has a 100% ownership interest in Esquire

Deposition Services, LLC.

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Alexander Gallo Holdings, LLC (4040); Set Depo, LLC (4236); AG/Sanction LLC (2187); Unlimited Languages, Inc. (7755); The Hobart West Group, Inc. (9849); Deponet, LLC (0336); Esquire Deposition Services, LLC (9684); Esquire Litigation Solutions, LLC (0947); Esquire Solutions, LLC (9382); Hobart West Solutions, LLC (6005); and D-M Information Systems, Inc. (3504).

## DECLARATION UNDER PENALTY OF PERJURY
## CONCERNING CORPORATE OWNERSHIP STATEMENT

I declare under the penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: September 6, 2011

By: _____
Name: Alexander Gallo
Title: Authorized Signatory